IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES THOMAS                                                                                           PETITIONER
ADC #129715

V.                                         NO. 5:04cv00262 JMM-JWC

LARRY NORRIS, Director,                                                                      RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

James Thomas, an Arkansas Department of Correction (ADC) inmate, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus, as amended by appointed counsel (docket entries #2, #25). Because Petitioner's claims are procedurally barred, the petition should be dismissed in its entirety.

### I.
### Background

Following entry of a negotiated guilty plea in October 2003 in the Circuit Court of Pulaski County, Arkansas, Petitioner was convicted of first degree murder and first degree battery and was sentenced to 420 months of imprisonment. (Resp't Ex. A.) By pleading guilty, he waived his right to a direct appeal under Arkansas law. Ark. R. App. P.-Crim. 1(a) (2007). There is no evidence or allegation that Petitioner sought any post-conviction relief in state court.

Petitioner then filed this federal habeas petition pro se, advancing several claims (docket entry #2). Respondent asserted (docket entry #6) that all claims should be dismissed as procedurally defaulted because Petitioner had failed to first present them to the state courts. *See Coleman v. Thompson*, 501 U.S. 722 (1991). At the direction of the Court, Petitioner responded to this argument (docket entry #8), asserting that he has the "mental capacity of a child" so he was not aware, or ever made aware by his attorney, of any right to seek post-conviction relief in state court. This Court exercised its discretion to appoint an attorney to represent Petitioner in his federal habeas action and directed submission of a reply to Respondent's procedural default argument, as well as submission of an amended petition if deemed appropriate (docket entry #10). After requesting and receiving several extensions of time, counsel sought permission to withdraw, which was granted (docket entries #11, #12, #13, #14, #15, #16, #18, #19). The Court appointed a second attorney, who filed an amended petition on Petitioner's behalf and replied to the procedural default argument (docket entries #25, #26). In response to the amended petition, Respondent again asserts that all of Petitioner's claims are procedurally barred[1] (docket entry #27).

The amended petition advances the following claims:

    1.    Petitioner's trial counsel was ineffective because he never discussed any defenses with him;

---

[1]Respondent also asserts, without any argument, that Petitioner's claim of a coerced confession was "waived by his plea of guilty" (docket entry #6, at 1 & 4). In light of the Court's recommended dismissal on procedural default grounds, this contention has not been addressed.

  2. Petitioner's guilty plea was coerced because (a) he was told he could get the death penalty if he went to trial, but later found out that he could not have gotten the death penalty for his charge of first degree murder, and (b) at the time of his plea (October 2003), he could not read or write due to amnesia he suffered as a result of being hit in the head during a robbery in December 2000;

  3. His trial counsel told him he could not appeal his conviction because he pleaded guilty, but did not inform him about any state post-conviction remedies;

  4. His right to a speedy trial was violated because his attorney asked for continuances without his permission, and eighteen months passed between the incident and his plea hearing; and

  5. His conviction was obtained by a coerced confession because the only reason he gave a written statement was due to pressure from the police while he was in shock; the statement was written by police, and he did not know what he was signing because he could not read at the time and just signed where he was told so they would leave him alone.

II.
Analysis

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). A federal habeas petitioner's claims must rely on the "same factual and legal bases" relied on in state court. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). Claims in a federal habeas petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Id.*

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default <u>and</u> actual prejudice as a result

4

of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 496 (1986). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Petitioner did not raise any of his federal habeas claims in state court. Because he pleaded guilty, no direct appeal was available under Arkansas law.[2] Ark. R. App. P.-Crim. 1(a). However, he had the right, under Ark. R. Crim. P. 26.1 to withdraw his guilty plea "to correct a manifest injustice," so long as he did so before sentencing or entry of his judgment of conviction. *See Webb v. State*, No. 04-920, 2006 WL 137216, at *1 (Ark. Sup. Ct. Jan. 19, 2006). He also had the right to file in the circuit court which imposed his sentence, within ninety days of entry of judgment, a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, raising any claims of constitutional violations. Ark. R. Crim. P. 37.1(a), 37.2(b) & (c). Following a decision by the circuit court, an appeal could have then been taken to the Arkansas Supreme Court. Ark. R App. P.-Crim. 2(a)(4). Failure to seek relief under Rules 26.1 and 37 within the time limits set by the rules is a jurisdictional defect. *Shipman v. State*, 550 S.W.2d 424, 426 (Ark. 1977) (Rule 26.1); *Mims v. State*, 199 SW.3d 681, 681 (Ark. 2004) (Rule 37).[3]

---

[2]Under Ark. R. Crim. P. 24.3(b), a defendant may enter a conditional plea of guilty, reserving the right to appeal the denial of a pretrial motion to suppress seized evidence or a custodial statement. An appeal may also be allowed in other limited circumstances not applicable here. *See Seibs v. State*, 166 S.W.3d 16, 17 (Ark. 2004).

[3]When a defendant files an untimely Rule 26.1 motion to withdraw a guilty plea, the motion is treated as having been made pursuant to Rule 37. *Mims*, 199 S.W.3d at 682.

Petitioner sought no post-conviction relief whatsoever in state court, and the time for doing so has expired. Therefore, his claims are procedurally defaulted and federal habeas review is barred unless he can make the requisite showing of cause and prejudice, or actual innocence.

Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. As cause for his default, Petitioner asserts that his trial attorney did not inform him of the existence of a state post-conviction proceeding and that counsel "may have made the decision not to advise" Petitioner about any post-conviction proceedings to protect himself from an allegation of ineffective assistance of counsel. He contends that his attorney's conduct is an "objective factor external to the defense," and should not be attributable to him. He also argues that his default stems from the state's failure to fulfil its obligation to facilitate pro se prisoners' access to court by providing a reasonable opportunity to learn the procedural prerequisites for filing claims in state and federal courts, including the pursuit of state post-conviction relief. He says he lacked any knowledge of law or procedures, and did not know about Rule 37 or its ninety-day filing deadline.

The law is clear that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute cause overcoming a procedural default. *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991); *McKinnon v. Lockhart*, 921 F.2d 830, 832 n.5 (8th Cir. 1990); *Vasquez v.*

*Lockhart*, 867 F.2d 1056, 1058 (8th Cir. 1988); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

The law is equally clear that there is no Sixth Amendment entitlement to counsel in state post-conviction proceedings. *Coleman*, 501 U.S. at 752. Where there is no constitutional right to counsel, there can be no deprivation of effective assistance. *Id.* Because the state has no responsibility to ensure that a criminal defendant is represented by competent counsel in state post-conviction proceedings, it is the defendant who must bear the consequences of a failure to follow state procedural rules for presenting post-conviction claims. *Id.* at 754. Therefore, the denial of or ineffectiveness of counsel in connection with such proceedings cannot constitute an external impediment excusing a procedural default. *Id.* at 752-54, 757.

In *Morris v. Norris*, 83 F.3d 268 (8th Cir. 1996), the Eighth Circuit specifically rejected a habeas petitioner's argument like the one raised here: that there was cause for his procedural default because his trial/appellate attorney failed to advise him of Arkansas's Rule 37 post-conviction remedy and its restrictive time limits. The Court stated that the petitioner's default could not be excused on this basis because he had no right to counsel in post-conviction proceedings. *Id.* at 270.

In *Fuller v. Bowersox*, 202 F.3d 1053 (8th Cir. 2000), a federal habeas petitioner contended that his trial attorney's failure to notify him of the date when the trial transcript was filed deprived him of the information he needed to determine the deadline for filing a state petition for post-conviction relief. He further argued that the attorney's omission was a breach of the duty that the lawyer owed him in pursuing his direct appeal, a context in which he was constitutionally entitled to the effective assistance of counsel. This, he

argued, demonstrated "cause" sufficient to defeat a procedural bar. The Eighth Circuit rejected that position, stating that the trial attorney had no duty to notify the petitioner when the trial transcript was filed because that fact was of no significance to the appeal, but was only of significance to the pursuit of post-conviction relief, where there was no right to counsel. *Id.* at 1059.

In *Sexton v. Kemna*, 278 F.3d 808 (8th Cir. 2002), a habeas petitioner procedurally defaulted his claims by failing to file a timely state post-conviction motion. As cause, he said the attorney who represented him at his state-court sentencing promised he would file a timely post-conviction motion but failed to do so because of a conflict of interest – counsel's unwillingness to argue his own ineffectiveness. Again, the Eighth Circuit found that no cause existed "because there is no constitutional right to effective assistance of counsel in state post-conviction proceedings." *Id.* at 816.

*Morris*, *Fuller*, and *Sexton* mandate rejection of Petitioner's attempt to demonstrate cause from his trial counsel's failure to inform him about the Rule 37 remedy. At the time of his conviction, the law was unambiguous regarding the availability of Rule 37 and its time limitations, and he was expected to comply with the applicable law in order to preserve his claims for federal habeas review, regardless of his trial attorney's inaction and his own lack of legal representation or legal expertise in the period for seeking post-conviction relief. *See Morris*, 83 F.3d at 270-71.

In support of his arguments, Petitioner cites *Reagan v. Norris*, 279 F.3d 651 (8th Cir. 2002), *Wilkinson v. Cowan*, 231 F.3d 347 (7th Cir. 2000), and *Paris v. Turner*, 187 F.3d 637, 1999 WL 357815 (6th Cir. 1999) (unpub.). These cases are easily distinguished. *Reagan* and *Paris* addressed cause in the context of state post-trial or direct appeal

proceedings in which the defendants had a constitutional right to the effective assistance of counsel, as opposed to the post-*conviction* proceedings here.  *Reagan*, 279 F.3d at 656; *Paris*, *supra* at *2-*3; *see Williams v. Hurley*, No. 2:05cv985, 2006 WL 1804550, at *3 (S.D. Ohio Jun. 28, 2006) (explaining the Ohio proceedings at issue in *Paris*).  *Wilkinson* involved the issue of whether a prisoner had abandoned his claims in his state post-conviction appeal where his appointed counsel withdrew for lack of meritorious issues and the petitioner was not provided an opportunity to file a brief of his own.  *See Lewis v. Sternes*, 390 F.3d 1019, 1030-31 (7th Cir. 2004) (explaining the limitations of *Wilkinson*'s holding).  Here, Petitioner never initiated any state post-conviction proceedings, nor was he ever placed in a position remotely similar to that of the *Wilkinson* petitioner.

Petitioner also cites *Bounds v. Smith*, 430 U.S. 817 (1977), for the proposition that the state is constitutionally required to ensure that prisoners are apprised of the existence of state procedural rules.  In *Bounds*, the Supreme Court held that the "fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Id.* at 828.  All that is required to be provided are the "tools .. that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  This does not place on the prison, or any other state officials, an affirmative obligation to advise prisoners about how to use the tools provided.  Petitioner does not contend that the prison law library did not contain the applicable procedural rules or forms for seeking post-conviction relief, that the rules or forms were concealed from him, that they were not accessible either through the

books or the computer or the assistance of library personnel, or that he was prevented in any way from utilizing the library's resources. *See Williams v. Norris*, 80 Fed. Appx. 535, 536 (8th Cir. 2003) (lack of access to law library and inability to consult with legally trained persons does not constitute cause to excuse untimely state post-conviction filing; the applicable Rule 37 forms set out the time limits and usual bases for post-conviction challenges).

In his pro se reply to the procedural default argument (docket entry #8), Petitioner asserted that he had the "mental capacity of a child" at the time of his state court proceedings. He attached sworn statements from three inmates who said they had helped him with his reading and writing.

A defendant is competent to waive post-conviction remedies if he "is not suffering from a mental disease, disorder, or defect that may substantially affect his capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation." *Anderson v. White*, 32 F.3d 320, 321 (8th Cir. 1994). Unless a federal habeas petitioner makes a conclusive showing of incompetency under this standard during the relevant time period, his alleged mental condition will not establish cause to excuse a procedural default in state court. *Id.* at 321-22; *accord Ervin v. Delo*, 194 F.3d 908, 915-16 (8th Cir. 1999); *Malone v. Vasquez*, 138 F.3d 711, 719 (8th Cir. 1998); *Stanley*, 941 F.2d at 709-10; *see also Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (low IQ and limited reading ability are not factors which are external to petitioner's defense).

Significantly, Petitioner's pro se assertion of mental-incapacity-as-cause was not reiterated or developed by counsel in replying to the default argument. Counsel's

amended petition does allege that Petitioner's guilty plea was coerced because he suffered a head injury in December 2000, which gave him amnesia, and that he was unable to read and write until taught to do so in the ADC.  The state court's docket sheet shows that a competency hearing was requested in July 2002, but Petitioner withdrew the request in July 2003 and was found "fit to proceed." (Resp't Ex. B.)  His guilty plea was entered three years after the alleged injury, in October 2003, and his time for filing a Rule 37 petition expired ninety days after that, in January 2004.  There is no evidence – in state court or here – of any diagnosed mental disability, any adjudication of incompetency or incapacity, or any inability on the part of Petitioner to function within the general prison population or manage his personal affairs.

This record does not conclusively demonstrate that, during the applicable time period, any mental deficiencies prevented Petitioner from appreciating his legal situation, ascertaining that he must take steps to protect his rights, consulting with others and utilizing the resources provided in the prison law library, filing pleadings, and otherwise complying with the state's requirements for post-conviction relief.  Furthermore, during his alleged period of mental disability, Petitioner was able to file in federal court two civil rights complaints regarding jail conditions, pursuant to 42 U.S.C. § 1983.  *See Thomas v. Johnson*, E.D. Ark. No. 4:03-cv-00508-SWW, docket entries #1, #2, #4, #8, #9 (pro se complaint and motion to proceed *in forma pauperis* filed June 30, 2003, followed by other pro se filings and letters); *Thomas v. Johnson, et al.*, E.D. Ark. No. 4:04-cv-00031-SWW, docket entries #1, #2, #3, #6, #7, #8, #10, #12 (pro se complaint and *in forma pauperis* motion filed Jan. 12, 2004, followed by several other pro se filings, including an amended complaint).  These filings undermine his claim that he was unable to pursue state post-

conviction relief and instead indicate that he simply opted to pursue other litigation in lieu of a state court proceeding to challenge his conviction.

In summary, Petitioner's default is not excused by the fact that his trial counsel did not advise him about state post-conviction proceedings, that he had no counsel to assist or advise him during the period for seeking post-conviction relief, or that he was unknowledgeable about legal procedures. Moreover, nothing in the record supports his speculative suggestion that counsel "may have" withheld information or deliberately misled him about the post-conviction process because he wanted to foreclose any ineffective-assistance claim.

Petitioner also contends, without elaboration, that failure to consider his claims would cause a "fundamental 'actual innocence' miscarriage of justice" (docket entry #26, at 1). To fit within this narrow exception to the cause-prejudice requirement, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 324, 329. (1995). "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316.

Petitioner says the incident leading to his convictions occurred when he had gone to a residence to collect a debt, but was unsuccessful. He says that, as he was leaving, a person named "Chris" stood in the doorway and pulled a pistol. Petitioner says he then pulled his own pistol, another man grabbed his hand, they struggled, Petitioner's gun

discharged twice, and "two persons were shot." He contends that his attorney failed to investigate and present a defense of self-defense and accident, and that he was coerced into giving a written statement to police and into pleading guilty to first-degree murder and first-degree battery. (*See* docket entries #25, at 2; #26, at 4.)

Petitioner does not present any evidence in support of his claim of innocence, much less anything "new" or "reliable." A petitioner must present actual evidence of his innocence; bare allegations are insufficient to invoke the exception. *Simmons v. Taylor*, 195 F.3d 346, 348 (8th Cir. 1999); *see Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (exception requires petitioner "to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted"), *cert. denied*, 127 S. Ct. 590 (2006). Additionally, to the extent that his actual-innocence argument hinges upon his allegedly coerced confession or his attorney's inadequacies in advising him to plead guilty, these are claims of legal innocence rather than of factual innocence, which must fail under *Schlup*. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (exception is concerned with claims of factual innocence, not mere legal insufficiency); *Jolly v. Gammon,* 28 F.3d 51, 54 (8th Cir. 1994) (legal innocence claim where petitioner asserted that guilty plea was induced by constitutionally ineffective counsel); *Nolan v. Armontrout*, 973 F.2d 615, 617 (8th Cir. 1992) (involuntary confession claim was one of legal, not factual, innocence).

The fundamental miscarriage of justice exception is inapplicable.

### III.
### Conclusion

Petitioner's claims, as raised in his petition and amended petition, are procedurally barred. Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entries #2, #25) should be dismissed in its entirety, with prejudice.

DATED this 20th day of July, 2007.

                                                      UNITED STATES MAGISTRATE JUDGE